UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Coker, ) | C/A No. 4:10-2062-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Paul Wickensimer, Clerk of Court, and ) | |
| Robert M. Ariail, Senior Solicitor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PROCEDURAL BACKGROUND**

The Plaintiff, Robert Coker ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on August 9, 2010, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, Plaintiff was housed at the Greenville County Detention Center (GCDC). Defendants filed a motion for summary judgment on April 14, 2011, along with a memorandum and exhibits in support of said motion. (Document #52). Because Plaintiff is proceeding pro se, he was advised on or about April 14, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for summary judgment and the possible consequences if he failed to respond adequately. The Plaintiff filed a response in opposition to the motion for summary judgment on May 9, 2011. (Doc.#58).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

**DISCUSSION**

**A.  STANDARD FOR SUMMARY JUDGMENT**

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of

law" under Rule 56(c) because the Plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. ANALYSIS

The Plaintiff alleges that the Defendants violated his constitutional rights at the GCDC when he was held for eight days after the charge for armed robbery against him was dropped. Plaintiff seeks monetary damages for being held eight days on "no charges." Defendants filed a motion for summary judgment along with an affidavit, exhibits, and a memorandum in support.

Defendants argue this is the second time Plaintiff has filed this lawsuit in the Federal District Court alleging that the government officials kept him in custody eight days longer than the sentence imposed by the South Carolina state court. In the previous case (C.A.No.: 4:10-249-HFF-TER), Plaintiff sued the jail administrator for GCDC alleging he violated his constitutional rights by not releasing him from custody until September 2, 2008. Defendant's motion for summary judgment was granted and the case was dismissed. In the present lawsuit, Plaintiff has sued the Greenville County Clerk of Court, Paul Wickensimer, and the former 13th Circuit Solicitor, Robert Ariail, alleging they were involved in delaying his release from the GCDC.

Plaintiff now claims that he was lead to Solicitor Arial and Paul Wickensimer who he alleges are liable for a delay on the paperwork to release him. (Complaint, amended complaint). Plaintiff attempts to assert this information as to liability was contained Bodiford's affidavit. However, Bodiford's affidavit includes no such information. Further, Plaintiff has not presented any evidence that either of the named Defendants caused any delay in his release, only conclusory allegations.

Defendants submit the affidavit of Scotty Bodiford which was submitted in the previous case, in which he attests that he is employed by Greenville County as the Jail Administrator for the

GCDC. In Bodiford's affidavit, he attests that Plaintiff was booked into the GCDC on July 16, 2008, pursuant to two bench warrants for failure to appear at hearings concerning two separate charges, strong arm robbery, and possession of crack cocaine. (Bodiford's affidavit). On August 25, 2008, GCDC received a fax on its secure fax machine in GCDC's population management office indicating that the Court of General Sessions sentenced Plaintiff to time served and probation for Warrant J482278, for failure to appear for his charge of possession of crack. (Id.). Plaintiff remained in GCDC custody at that time because the court had not informed GCDC of any disposition of the other warrant, Warrant J482277 (strong arm robbery failure to appear charge). (Id.). On September 2, 2008, GCDC received a fax from the court on GCDC's secure fax machine in GCDC's population management office, indicating that the charges included in Warrant J482278 (failure to appear for strong arm robbery charge) had been dismissed. (Id.). Upon receipt of the dismissal of the charges underlying the warrant, GCDC processed Plaintiff's release pursuant to GCDC policy, and GCDC released Plaintiff on September 2, 2008. (Id.). The "Date of Disposition" that the court provided on its "General Sessions Tracking Sheet" was August 29, 2008, four days prior to the date that GCDC released him. (Id. and Exhibit B attached). The fax tag line shows that GCDC did not receive this document until September 2, 2008. (Id.).

Defendants submit the affidavit of Paul Wickensimer who attests that at all times relevant to the allegations contained in Plaintiff's case, he was the elected Clerk of Court for Greenville County in the 13th Judicial Circuit. (Wickensimer's affidavit, doc. #52-11). Wickensimer asserts he has no specific memory of Plaintiff nor was he involved in the transmission of information concerning his sentence to the Greenville County Detention Center. (Id.). The only role Wickensimer played was as the head of the Clerk of Court's Office but played no direct role in the events described in Plaintiff's complaint.(Id.).

Defendants submitted the affidavit of Robert M. Ariail who attests that at all time relevant to the allegations contained in this action, he was the elected Solicitor for the 13th Judicial Circuit. (Ariail affidavit, doc. #52-12). Ariail asserts that while he was the 13th Circuit Solicitor during the time frame of the allegations in Plaintiff's complaint, his office employed many attorneys as Assistant Solicitors, each with their own case loads. (Id.). Ariail played no direct role in Plaintiff's prosecution, guilty plea, or the communication of his date of release to GCDC.(Id.). the only role Ariail would have played with regard to Plaintiff's state criminal case was as the head of the 13th Circuit Solicitor's officer. (Id.).

Based on the evidence before the court, Plaintiff fails to meet his burden of proving the named Defendants personally caused a deprivation of his constitutional rights. Therefore, this action should be dismissed as to these Defendants.

## D.  VICARIOUS LIABILITY/SUPERVISORY LIABILITY

Defendants argue the court should grant summary judgment in their favor because supervisory officials cannot be held liable under 42 U.S.C. 1983 on the basis of vicarious liability. Defendants argue that while Ariail was the 13th Circuit Solicitor at the time of the allegations in Plaintiff's complaint and was not the prosecuting attorney who handled Plaintiff's criminal case, it is possible Plaintiff is attempting to hold him vicariously liable for the conduct of employees who worked under his supervision. Further, Defendants contend it appears Plaintiff may be trying to hold Clerk of Court Wickensimer liable for the alleged conduct of one of his employees. However, Defendants argue that §1983 fails to provide a basis for a claim based on vicarious liability.

It appears that Plaintiff seeks to hold Defendants liable based upon actions or misconduct of their subordinates. However, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir.1977). See also

Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (*citing* Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Liability cannot be imposed on Defendants on the basis of actions taken by employees of the solicitor's office or of the clerk's office[2] as there is no evidence that these Defendants were aware of the alleged unconstitutional activities of any unnamed individual employee(s) of the Greenville Clerk of Court's office or the 13th Solicitors office.

## E.  QUALIFIED IMMUNITY

Defendants argue that they are entitled to qualified immunity pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982). Defendants argue that the Plaintiff is unable to state a constitutional claim against him because he followed the standard operation procedure for receiving communications from the court concerning the disposition of the criminal charges pending against Plaintiff prior to his release.

When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit.  Immunity is a defense to be asserted by the Defendants and the burden of proving entitlement to immunity rests with the defendant asserting it.  Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity.  Once raised, immunity is

---

[2] Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability which has been enunciated in cases such as Slakan v. Porter, 737 F.2d 368, 370-75 (4th Cir.1984), *cert denied*, 470 U.S. 1035 (1985)(noting that a supervisor may be held liable for constitutional injuries inflicted by subordinates when "supervisory indifference or tacit authorization of subordinates misconduct is a causative factor in the constitutional injuries they inflict") that exception does not operate to defeat summary judgment in this case.

a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendants are protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, the Plaintiff fails to show that the Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified

immunity in his individual capacity. Thus, the undersigned recommends that the Defendants' motion for summary judgment be granted on this issue.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Defendants' motion for summary judgment (document #52) be GRANTED and this claim dismissed.

It is FURTHER RECOMMENDED that and all other outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 29, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**